*E-Filed 7/30/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TOD OLDS,

    Petitioner,

    v.

JAMES A. YATES, Warden,

    Respondent.

No. C 09-3258 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2007, the San Mateo County Superior Court, following a bench trial, convicted petitioner of robbery, assault, and petty theft. The trial court sentenced petitioner to seventeen years in state prison. Petitioner sought, but was denied, relief on direct and collateral state review. This federal habeas petition followed.

The state appellate court summarized the facts as follows:

> [Petitioner] went into [a Target] store around 8:00 p.m. on October 13, 2006, bought a trumpet and guitar, and left. He put the items in his car, changed clothes, and returned to the store a few minutes later, with the receipt for that purchase. He put identical items — another trumpet and guitar — in his shopping cart, and walked out of the store without paying for them. [Petitioner] admitted in his testimony that he had committed thefts in this manner 30 or 40 other times. He was armed with a knife. He also carried a badge, handcuffs, and a "replica of [a] BB gun" in a belt holster, as what he called a "costume" for the occasion.
>
> Security guard Trujillo saw what [petitioner] was doing on the store's surveillance cameras, and followed behind [petitioner] as he walked toward the doors. Target security guard Walter Recinos was at the doors ready to check [petitioner]'s receipt, but Trujillo waived Recinos off and they allowed [petitioner] to leave the store with the merchandise. Trujillo and Recinos approached [petitioner] from behind as he pushed the shopping cart outside the store, identified themselves as security, and grabbed [petitioner], causing him to lose his grip on the shopping cart, which rolled away on the downward sloping pavement. Trujillo could not say whether [petitioner] pushed the cart away or simply let go of it, but [petitioner] testified that he did not push the cart. When [petitioner] was asked how the cart left his hands he answered, "Just when I got hit everything else was gone."
>
> Trujillo took hold of [petitioner]'s wrist and Recinos put his hand on [petitioner]'s shoulder in an attempt to handcuff him, but the three fell to the ground struggling. During the struggle, Trujillo ripped [petitioner]'s holster from his hip, handed it to another Target security guard, and told her to take it into the store and call the police. [Petitioner], who was trying to get up, said, "I have a knife." [Petitioner] flipped open a switchblade knife, and tried to stab Trujillo in the thigh with it. Trujillo moved away to avoid being stabbed, told Recinos to "abort" the capture, and turned around and returned to the store as [petitioner] ran away into the parking lot. Target personnel retrieved the shopping cart with the trumpet and guitar; [petitioner] did not take the items when he fled.

(Ans., Ex. 2 at 2.)

As grounds for federal habeas relief, petitioner alleges that (1) there was insufficient evidence to support the robbery conviction; and (2) imposition of an upper term sentence violated his rights to a jury trial and due process.

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

**DISCUSSION**

**I.    Sufficiency of Evidence**

Petitioner claims that there was insufficient evidence to support his robbery conviction. (Pet. at 8.) Specifically, petitioner asserts that there was insufficient evidence that the robbery was accomplished by means of force or fear. (*Id*.)

The state appellate court rejected this claim, and cited the following facts:

> The evidence at trial included a DVD of the incident compiled by Trujillo from recordings made with the store's surveillance cameras, which the court viewed "over ten times" before making its ruling. We have likewise reviewed the

> video, and conclude that it supports the court's determination. It appears from the video that, as the testimony suggested, [petitioner]'s hands were forcibly dislodged from the shopping cart when Trujillo and Recinos grabbed him. The video shows the shopping cart rolling away and coming to rest a few yards away from where [petitioner] and the security guards are struggling. During the struggle Trujillo can be seen kicking his left leg back; he testified that this was the point at which [petitioner] attempted to stab him. Trujillo and Recinos then move away from [petitioner], who stands for a moment brandishing the knife, then bends down to pick up the handcuffs he had been carrying, and then turns and runs off into the parking lot, moving past the shopping cart without taking the stolen goods.

(Ans., Ex. 2 at 4–5.)

In California, robbery is defined as "the felonious taking of personal property in the possession of another from his or her person or immediate presence, against his or her will, accomplished by means of force or fear." (Ans., Ex. 2 at 3.) "The taking element of robbery itself has two necessary elements, gaining possession of the victim's property and asporting or carrying away the loot." (*Id*.) "Circumstances otherwise constituting a mere theft will establish a robbery where the perpetrator peacefully acquires the victim's property, but then uses force to retain or escape with it." (*Id*.)

A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992). The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *See id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979.). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted. *See Jackson*, 443 U.S. at 324.

Applying these legal principles to the instant action, the Court concludes that Petitioner has not shown that he is entitled to habeas relief on this claim. A rational trier of fact could have found from the evidence presented that petitioner committed the crime with the use of force and fear: petitioner, when captured, pulled out a knife and tried to stab Trujillo, and was able to flee after Trujillo aborted the capture. On appeal, petitioner asserted

that this evidence shows that he abandoned the property before he attacked Trujillo.  His use of violence, consequently, was not to further the robbery, but to fend off Trujillo and escape capture.  However plausible this reading may be, a rational trier of fact could permissibly read the evidence proving beyond a reasonable doubt that petitioner was trying to accomplish the robbery by use of force, and, as Trujillo's dodging of the blow and curtailment of capture efforts reflects, fear.  *See Jackson*, 443 U.S. at 324.  Accordingly, petitioner's claim is DENIED.

**II.     Sentencing**

Petitioner contends that the trial court's imposition of the upper term for the robbery conviction violated his Sixth and Fourteenth Amendment rights.  (Pet. at 8.)  The state appellate court did not address this claim in its written opinion.  The trial court imposed the upper term sentence of five years for the robbery conviction based on the aggravating factors that petitioner had prior felony convictions, that he was on parole at the time the robbery was committed, and that the victims were particularly vulnerable.  (Ans., Ex. 7, Vol. 8 at 324–35.)     The Sixth Amendment requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  The "statutory maximum" discussed in *Apprendi* is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; in other words, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather the maximum he could impose without any additional findings.  *Blakely v. Washington*, 542 U. S. 296, 303-04 (2004).  In California, the middle term is deemed the statutory maximum, and thus the imposition of the upper term, such as in the instant case, can implicate a criminal defendant's *Apprendi* rights.  *See Cunningham v. California*, 549 U.S. 270, 293 (2007).  In California, sentencing courts are to consider various aggravating and mitigating factors in determining whether to impose an upper term.  *See* Cal. Rules of Court 4.421 & 4.423.  A single

aggravating factor is sufficient to authorize a California trial court to impose the upper term. *People v. Osband*, 13 Cal. 4th 622, 728 (Cal. 1996). Aggravating factors include: the defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings which are numerous or of increasing seriousness, the defendant has served a prior prison term, the defendant was on probation or parole when the crime was committed, *see* Cal. Rules of Court 4.421(b)(2)–(4), and the victim was vulnerable, *see* Cal. Rules of Court 4.421(a)(3).

Petitioner's upper term sentence is not erroneous under *Cunningham*. Specifically, petitioner admitted, through his attorney, that petitioner was on parole at the time the offense was committed. (Ans., Ex. 7, Vol. 7 at 306 & 312–13.) Therefore, the imposition of the upper term, thereby increasing petitioner's sentence beyond the statutory maximum, was based on a factor admitted by petitioner, and is therefore not unconstitutional under *Cunningham*. Furthermore, even if the sentence were unconstitutional under that case precedent, any error would be harmless. *Blakely* and *Apprendi* sentencing errors are subject to a harmless error analysis. *Washington v. Recuenco*, 548 U.S. 212, 221 (2006). Applying *Brecht v. Abrahamson*, 507 U.S. 619 (1993), the Court must determine whether "the error had a substantial and injurious effect" on petitioner's sentence. *Hoffman v. Arave*, 236 F.3d 523, 540 (9th Cir.2001) (internal quotation marks omitted). Under that standard, the Court must grant relief if it is in "grave doubt" as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt. *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). Grave doubt exists when, "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Id.* at 435.

Applying these legal principles to the instant matter, the Court concludes that the error was harmless. In sum, sufficient evidence exists in the record to support the trial court's imposition of the upper term on grounds that petitioner's prior convictions were numerous and increasing in seriousness, *see* Ans., Ex. 7, Vol. 5 at 290–92. On such evidence, and in light of the highly deferential AEDPA standard, the Court harbors no "grave doubts" as to

whether a jury would have found the relevant aggravating factor beyond a reasonable doubt, and, accordingly, the Court must deny petitioner habeas relief on his sentencing claim.

## CONCLUSION

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Petitioner has not shown that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: July 29, 2010

RICHARD SEEBORG
United States District Judge